**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BENNITTA POWE-DUNCAN,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:13-CV-986-M (BF) |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| Commissioner of Social Security, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bennitta Powe-Duncan ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the District Court should AFFIRM the Commissioner's decision.

**BACKGROUND**

Plaintiff alleges that she is disabled due to a variety of ailments, including major depressive disorder, pain in her back, neck, and arm, and anxiety. See Tr. [D.E. 15-2 at 62, 64]; Pl.'s Br. [D.E. 20 at 5-15]. After her application for disability benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on November 16, 2010. Tr. [D.E. 15-2 at 34]. At the time of the hearing, Plaintiff was 53 years old. *See id.* [D.E. 15-2 at 41]. Plaintiff has a high school education and past work experience as a secretary and an export clerk. *See id.* [D.E. 15-2 at 42, 44, 68]. Plaintiff has not engaged in substantial gainful activity since August 26, 2008. *See id.* [D.E. 15-2 at 177].

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that Plaintiff suffered from major depressive disorder, status post right rib fracture, and hypertension, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* [D.E. 15-2 at 19-20]. The ALJ further determined that Plaintiff could not return to her past relevant employment, but that she could perform a modified range of medium work. *See id.* [D.E. 15-2 at 20, 27]. Relying on the testimony of a vocational expert, the judge found that Plaintiff was capable of working as a hand packager, a cleaner, and a kitchen helper-jobs that exist in significant numbers in the national economy. *See id.* [D.E. 15-2 at 27]. Plaintiff appealed that decision to the Appeals Council. *See id.* [D.E. 15-2 at 4]. The Council affirmed. *See id.* [D.E. 15-2 at 4]. Plaintiff then filed this action in federal district court.

## LEGAL STANDARDS

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits

3

was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## ANALYSIS

Plaintiff's appeal raises the following issues:

1. Whether the ALJ committed reversible error by failing to give controlling weight to the treating physician's opinions that required a finding of disability;

2. Whether the ALJ's decision must be remanded because he found that Plaintiff's spinal impairments were non-severe; and

3. Whether the ALJ's decision must be remanded because his RFC finding contains errors of law and is not supported by substantial evidence.

*See* Pl.'s Br. [D.E. 20 at 2].

### 1. Treating Physician's Opinions

Plaintiff alleges that the ALJ committed reversible error by failing to give controlling weight to her treating psychologist's opinion that required a finding of disability. *See id.* [D.E. 20 at 16-23]. The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (citing *Greenspan*, 38 F.3d at 237; *Leggett*, 67 F.3d at 566). A treating

4

physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). On the other hand "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456. If good cause is shown, then the ALJ may accord the treating physician's opinion less weight, little weight, or even no weight. *Paul v. Shalala,* 29 F.3d 208, 211 (5th Cir. 1995). If the ALJ does not accord a treating doctor's opinion controlling weight, the ALJ must set forth specific reasons for the weight given, supported by the medical evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2).

In this case, the ALJ explained that he did not give controlling weight to Dr. Chris Haberstroh's opinion for the following reasons:

(1) his opinions/conclusions do not meet the consistency and well-supported requirements of SSR 96-2p, nor are they consistent with the preponderance of the objective medical and other evidence of the record;

(2) as a treating doctor, he has not placed or recommended hospitalization or placement in a sheltered or highly supported living environment due to the severity of claimant's physical or mental condition; nor has claimant had to seek emergency treatment for such condition;

(3) his reports do not state the objective or sufficiently explanatory bases or factors that support his opinions/conclusions, which detracts from the probative value to be given the form and the opinions/conclusions stated therein-generally more weight is given to the opinions expressed by the claimant's treating sources, since these sources are likely to be the medical professionals most able to provide a detailed and longitudinal picture of claimant's medical impairments, and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone, or from reports of individual examinations or brief hospitalizations (20 CFR § 1527(d)(2), and Social Security Ruling 96-2p); however, when conclusory reports or forms are submitted by treating sources without sufficient progress/treatment notes, or without citing

5

appropriate diagnostic laboratory or objective evidence to provide such a longitudinal foundation upon which to objectively evaluate and analyze such opinions/conclusions, the basis for giving them controlling weight over other opinion evidence, is no longer applicable;

(4) his opinions/conclusions are on issues reserved to the Commissioner (e.g., RFC, PRW application of the vocational factors, etc.)-for example, RFC is an assessment made by an adjudicator that is based on consideration of all the relevant evidence (20 CFR § 404.1545); a medical source statement may be based on the medical source's records and examination of the claimant, but does not reflect consideration of other medical and non-medical evidence of record; thus, the medical source statement may provide an incomplete picture of claimant's abilities; moreover, the doctor is not a vocational expert; and, although a doctor may opine that a claimant is "disabled," it is not usually clear that the doctor is familiar with the definition of "disability" contained in the Social Security Act and regulations; and

(5) no psychological testing or results, such as the Minnesota Multiphasic Personality Inventory ("MMPI") or MMPI-2 are included in his submission and he seems to be relying on Plaintiff's self reported subjective symptoms.

*See* Tr. [D.E. 15-2 at 22, 26].

The ALJ explained that he gave greater weight to the opinion of the state agency medical and other expert personnel regarding Plaintiff's impairments and RFC because he found that their opinions were consistent with and supported by the evidence in the record, especially evidence of medically acceptable clinical and laboratory diagnostic techniques. *See id.* [D.E. 15-2 at 26-27]. Contrary to Dr. Haberstroh's assessment regarding Plaintiff's inability to work, Dr. Charles Lankford, a state agency psychologist opined that Plaintiff was only moderately limited in her ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *See id.* [D.E. 15-7 at 70]. Dr. Lankford further opined that Plaintiff's "alleged limitations are partially supported by medical evidence in [the] file. The alleged severity and limiting effects are not wholly supported." *See id.* [D.E. 15-7 at 59].

The ALJ pointed out that Dr. Haberstroh's records did not include the MMPI. *See id.* [D.E. 15-2 at 22]. While Plaintiff points out that other tests, namely the Beck Depression Inventory and Conners' Continuous Performance Test were utilized to diagnose Plaintiff's depression and attention span, Plaintiff does not dispute the ALJ's observation that Dr. Haberstroh did not utilize the more comprehensive MMPI test. *See* Pl.'s Br. [D.E. 20 at 7]. In addition, although it is not a requirement, as Plaintiff contends, that Plaintiff be hospitalized for mental impairments in order for her to be considered disabled, such hospitalization records may be used by the ALJ to assess the severity of Plaintiff's mental condition. *See id.* [D.E. 20 at 18]. In sum, having considered the portions of the record pointed to by the ALJ and his cited reasons, the undersigned finds that the ALJ's decision to not give controlling weight to Dr. Haberstroh's opinion is supported by substantial evidence.

2. Spinal Impairments

Plaintiff contends that the ALJ's decision must be remanded because her spinal impairments were found non-severe. *See* Pl.'s Br. [D.E. 20 at 23]. Plaintiff further contends that the ALJ's decision failed to address whether her cervical and lumbar impairments were severe or non-severe under *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). In the Fifth Circuit, an impairment is not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101. Despite Plaintiff's contention, the ALJ's decision demonstrates that he thoroughly considered Plaintiff's cervical and lumbar conditions under the *Stone* standard. *See* Tr. [D.E. 15-2 at 17, 19, 22-23]. The ALJ stated the following regarding Plaintiff's subjective allegations and the medical records concerning her cervical and lumbar conditions:

7

> Exhibit 17F contains treatment notes from Heikkinena Chiropractic Clinic. She had been receiving treatment for pain in her left shoulder, neck, low back and right hip, radiating into her leg. The notes from June-August, 2010 give the claimant's self-described symptoms, medications, and history. All orthopedic examinations were negative, except for a sitting test. Her myotomes were all 5/5. Cervical and lumbar pain sensation testing were all normal. Neurological examination was unremarkable. Included is an MRI of the cervical spine, without contrast, dated July 13, 2010. The following is the stated impression of the MRI: 1. Mild C5-6 diffuse disc bulge and degenerative changes, with mild spinal canal stenosis and moderate bilateral neural foraminal stenosis; 2. Small C4-5 central and right paracentral disc protrusion and degenerative changes, with mild spinal canal stenosis and mild flattening of the central, and right anterior spinal cord and mild right neural foraminal narrowing; 3. Small C6-7 central disc protrusion and degenerative changes with mild left neural foraminal narrowing; 4. Small C2-3 and C3-4 central disc protrusions; 5. Mild degenerative changes of the cervical spine, most pronounced at C4-5 and C5-6; 6. Left thyroid subcentimeter indeterminate nodule. According to the Examiner, no prior study was available for comparison.

*See id.* [D.E. 15-2 at 22-23]. In addition, the ALJ explained that, in considering the objective findings and Plaintiff's subjective allegations, he determined that Plaintiff's severe impairments under *Stone* only included her major depressive disorder, status post right rib fracture, and hypertension. *See id.* [D.E. 15-2 at 19]. Therefore, the ALJ adequately considered Plaintiff's spinal issues under *Stone*. Further, while Plaintiff points out that her cervical and lumbar impairments were diagnosed by Dr. Daniel Dow, Dr. Anthony Berg, and Dr. Tyson Barnes, Plaintiff does not indicate that any of those physicians determined any functional limitations arise from such impairments. *See* Pl.'s Br. [D.E. 20 at 24]. Plaintiff must not only show that impairments exist, but that she is precluded from engaging in substantial gainful activity due to those impairments. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Since Plaintiff failed to do so, any alleged error by the ALJ in not following procedures set out in *Stone* is harmless. *Id.*

8

### 3. RFC Assessment

Plaintiff argues that the ALJ's decision must be remanded because the ALJ is required under SSR 96-8p, 42 U.S.C. § 423(d)(2)(B), and 20 C.F.R. § 404.1545(e) to thoroughly discuss all the evidence and all the claimant's impairments when making a RFC assessment, and the ALJ failed to consider Plaintiff's lumbar and cervical spine impairments in the RFC assessment. *See* Pl.'s Br. [D.E. 20 at 25-26]. As discussed above, the ALJ's decision demonstrates that he thoroughly considered Plaintiff's lumbar and cervical spine issues. Therefore, this argument is without merit. Plaintiff further argues that the RFC assessment was not based on substantial evidence because it failed to consider the majority of the material medical evidence in the record. *See id.* [D.E. 20 at 26]. As the Commissioner points out, the fact that the ALJ did not discuss all of the testimony and evidence presented to him does not mean that he failed to consider them. *See* Def.'s Resp. Br. [D.E. 24 at 22]. The ALJ is not required to provide a verbatim recitation of all the evidence he considered in making his RFC finding. *See Taylor v. Colvin*, No. 3:12-CV-2750-P, 2013 WL 5345840, at *8 (N.D. Tex. Sept. 24, 2013) ("Plaintiff appears to argue that the ALJ was required to discuss each and every one of the categories from the PRTF in the RFC finding, yet cites no cases interpreting SSR 96-8p as requiring such an undertaking. Certainly, courts in the Fifth Circuit have not required a verbatim recitation of all limitations on which the RFC is based." (citing *Cornejo v. Colvin*, No. EP-11-CV-470, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013); *Bordelon v. Astrue*, 281 F. App'x, 418, 422-23 (5th Cir. 2008))). The ALJ's decision provides adequate grounds for his RFC finding. Therefore, this argument also lacks merit.

**RECOMMENDATION**

The Court recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, this 10th day of March, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within 14 days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).